*310 ORDER
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether or not to dismiss the plaintiffs claims and/or the defendants’ counterclaims in the instant action. The Court dismisses several of the claims and counterclaims for lack of jurisdiction, as they do not “arisfe] under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation.” Ho-Chunk Nation Constitution, Art. VJI, § 5(a). However, some of the claims and counterclaims do “aris[e] under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation.” Id. The Court has jurisdiction over these claims and counterclaims. The Court also finds that these elaims and counterclaims, viewed in a light most favorable to the non-moving party, state a proper claim upon which relief may be granted. Therefore, the Court does not dismiss these claims and counterclaims. As the claims and counterclaims are numerous, the Court will address each individually in the Decision section of this Order.
PROCEDURAL HISTORY
The plaintiff initiated this action by filing a Complaint with the Court on June 17, 2010. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on June 18, 2010. On June 23, 2010, Mr. Eric M. Aflerbaeh, a Pennsylvania State Process Server, personally served the Summons and Complaint on Mr. Mark Wolfington, Chief Operating Officer of the defendants, Money Centers of America, Inc. (hereinafter MCA) and MCA of Wisconsin, Inc. at 700 South Henderson Road, Suite 325, King of Prussia, PA, 19406.
On July 14, 2010, the parties filed a Joint Motion of Money Centers of America, Inc., and MCA of Wisconsin, Inc.. For Extension of Time to File Answer to Plaintiffs Complaint or Otherwise PleadL The Court granted the Joint Motion and extended the defendants’ response deadline to July 23, 2010. Order (Granting Joint Mot. For Time Extension), CV 10-54 (HCN Tr. Ct„ Jul. 14, 2010). The defendants filed a timely Answer with Affirmative Defenses and Counterclaims on July 23, 2010.[1]
On July 29, 2010, the defendants filed a Motion to Dismiss for Lack of Jwrisdic *311 tion. The parties filed a Joint Motion of Ho-Chunk Nation, Money Centers of America, Inc., and MCA of Wisconsin, Inc., for Extension of Time on July 30, 2010. The Court mailed a Notice of Hearing to both parties informing them that a Scheduling Conference would be held on August 26, 2010, at 2:30 p.m. CST. On August 12, 2010, the plaintiff filed its Reply to Counterclaim.
The Court convened a Scheduling Conference on August 26, 2010. Attorney Matthew McBride appeared telephonieally on behalf of the plaintiff. Attorneys James Beausoliel, Jr. and Carla Bennett appeared telephonieally on behalf of the defendants. The Court issued a Scheduling Order on August 26, 2010, setting all deadlines with regards to discovery, amendments to pleadings, and motions. The Scheduling Order also set a Motion Hearing for September 29, 2010, at 10:00 a.m. CDT. On September 3, 2010, both parties timely filed their respective Preliminary Witness Lists. Both parties timely filed their respective Required Disclosures on September 9, 2010. On September 10, 2010, the plaintiff timely filed Plaintiffs Memorandum of Law in Opposition to Defendants’ Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Failure to Establish a Right to Relief.
On September 23, 2010, the parties filed a Joint Motion to File Amended Reply to Counterclaim. After a delay due to unforeseen circumstances, the Court granted said Joint Motion on December 6, 2010. Order (Granting Joint Motion to File Amended Reply to Counterclaim), CV 10-54 (HCN Tr. Ct., Dec. 06, 2010). On September 24, 2010, the defendants’ timely filed Defendants’ Reply in Further Support of Their Motion to Dismiss Plaintiffs Complaint. The plaintiff filed Ho-Chunk Nation’s Amended Witness List and Plaintiff Ho-Chunk Nation’s Amended Rule 31 Disclosures on October 8, 2010.
The Court convened a Motion Hearing on September 29, 2010, at 10:00 a.m. CDT to hear the defendants’ Motion to Dismiss for Lack of Jurisdiction. Attorney Matthew McBride appeared personally on behalf of the plaintiffs. Attorney Jim Beau-soleil appeared personally on behalf of the defendants.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT
12. Traditional Dispute Resolution. The Judiciary shall provide for the establishment, operation, and funding of the Nation’s Traditional Court to assist the Judiciary whenever possible with the resolution of cases or controversies involving Tribal members.
*312 CODE OF ETHICS ACT
4. Declaration of the Code of Ethics Act.
b. In addition, to following all other laws of the Nation, this Code shall be applied to all elected, appointed, contract, or exempt employees of the Ho-Chunk Nation.
STATUTE OF LIMITATIONS AND COMMENCEMENT OF CLAIMS ACT
2.Purpose. This Act establishes the maximum time periods in which civil action must be commenced or be forever barred.
4. Civil Action and Time Limitation. Civil actions may be commenced only within the periods as prescribed here:
d. Torts. An action in tort must be filed in Court within three (3) years from the date of discovery or six (6) years from the date of the incident in which the injury arose.
HO-CHUNK RULES OF CIVIL PROCEDURE
Rule 8. Requests to Appear before the Traditional Court
(B) Requests for Assistance on Matters of Custom and Tradition. Upon a motion of the Court or by a party, the Trial Court may request assistance from the Traditional Court on matters relating to custom and tradition of the Nation, pursuant to the Ho-Chunk Nation Judiciary Establishment and Organization Act, 1 HCC § 1.12.
Rule 56. Dismissal of Action
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for lack of jurisdiction; if there has been no order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
FINDINGS OF FACT
1. The plaintiff, Ho-Chunk Nation, is a federally recognized Indian tribe located within the boundaries of the State of Wisconsin. Its principal governmental offices are located at the Tribal Executive Office Building, W9814 Airport Road, Black River Falls, WI 54615. Compl. at 1.
2. The defendant, Money Centers of America, Inc., is a Delaware corporation with its principal office located at 700 South Henderson Road, Suite 325, King of Prussia, Pennsylvania 19406. Id.
3. The defendant MCA of Wisconsin, Inc., is a Wisconsin corporation with its principal office located at 700 South Henderson Road, Suite 325, King of Prussia, Pennsylvania 19406. Id.
4. The defendants moved to dismiss the instant action on the basis that the Court lacks jurisdiction, or in the alternative, that the plaintiff failed to establish a right to relief. Mot. to Dismiss for Lack of Jurisdiction.
5. The plaintiff and the defendants received proper notice of the September 29, 2010 Motion Hearing.
DECISION
The Constitution of the Ho-Chunk Nation (hereinafter Constitution or HCN Constitution) demarcates the spheres occupied by each coequal branch of government as delegated by the General Council. Const., Art. Ill § 3, ART. IV § 2. For purposes of the instant case, the Legislature possesses the authority to make laws, Id., Art. IV § 2, Art. V § 2(a), and negoti *313 ate and enter into contracts, Id., Art. V § 2(i); the President of the Ho-Chunk Nation (hereinafter President) possesses the authority to execute, administer and enforce the laws, Id., Art. IV § 2, Art. VI § 2(a), (l), represent the Ho-Chunk Nation on matters that concern its interests and welfare, Id., Art. VI § 2(k), and exercise those powers delegated by the Legislature, Id., Art. VI § 2(1). The General Council delegated “the judicial branch the authority to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.” Const., Art. IV, § 2. The Constitution vests in the Trial Court the right to “have original jurisdiction over all cases and controversies.” Id., ART. VII, § 5.
The defendants move to dismiss the underlying Complaint for lack of jurisdiction. Mot. to Dismiss for Lack of Jurisdiction. The Court appreciates the plaintiffs concern that an involuntary dismissal under Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 56(b) is a harsh sanction, especially prior to the completion of discovery. The plaintiff emphasizes that “no formal discovery,” other than the required initial disclosures, “has taken place and there certainly has been no presentation of all the evidence up to and including trial.” PL’s Mem. of Law in Opp’n to Defs.’ Mot. to Dismiss for Lack of Jurisdiction or, in the Alternative, Failure to Establish a Right to Relief at 7-8. This Court joins other courts in holding that involuntary dismissals should only be used in clear-cut circumstances. United States ex rel. Drake v. Norden Sys., 375 F.3d 248 (2d Cir.2004). However, Rule 56(b) does not require a Motion to Dismiss to wait until discovery has been completed or a trial has taken place. In fact, “[ajfter an Answer has been filed, a party must file a Motion, to Dismiss.” HCN R. Civ. P. 56(b).
FORUM SELECTION
The defendants move this Court to dismiss the instant action based on improper forum selection. Mot. To Dismiss for Lack of Jurisdiction at 1. The defendants point out that under the License Implementation and Support Agreement (hereinafter LISA), all actions must be brought in the Federal Courts of the District of Wisconsin. Id. at 5. However, the plaintiff points out that the terms of the Financial Service/ONswitch Agreement (hereinafter FSA) state that nothing within the document shall be construed as a grant of jurisdiction from the Ho-Chunk Nation to any other authority. PI. ⅛ Mem. of Law in Opp’n to Defs.’ Mot. to Dismiss for Lack of Jurisdiction or, in the Alternative, Failure to Establish a Right to Relief at 3. Therefore, the proper forum for this dispute depends largely upon which contract, or contracts, are operable.
The plaintiff argues that Joseph Deco-rah, the Executive Director of Business for the Nation, was not authorized to execute the LISA. Compl. at 3. The plaintiff also argues that the LISA is inapplicable because “[at] the time the Nation terminated the parties’ agreement, the ONswitch system was not fully installed and operational.” PL’s Mem. of Law in Opp’n to Defs. ’ Mot. to Dismiss for Lack of Jurisdiction at 6. Conversely, the defendants argue that Joseph Decorah had the authority to execute the LISA, and that the LISA is applicable as to choice of forum for dispute resolution. Mot. To Dismiss for Lack of Jurisdiction at 2, 3, 5.
A judgment on these arguments requires the Court to make important factual determinations. This will require the presentation of evidence, including witness testimony. Determination of the operative *314 contract, or contracts, could be accomplished at Trial. However, because a finding that the LISA is valid and its forum selection clause is applicable would effectively remove this case to Federal Court, the Court desires to address these issues prior to Trial on the surviving claims and counterclaims. Therefore, the Court shall schedule a Fact Finding Hearing to determine the validity of the contract or contracts, and the applicability of their respective forum selection clause.
THE PLAINTIFF’S BREACH OF CONTRACT CLAIM
The Court has jurisdiction over the plaintiff’s breach of contract claim as it arises under the customs and traditions of the Ho-Chunk Nation. The HCN Trial Court first dealt with contract claims in Ho-Chunk Nation v. Ross Olsen, CV 99-81 (HCN Tr. Ct„ Sept. 18, 2000). This case involved a dispute over a “Purchase Agreement” for cigarettes. Id. at 1. The Court determined that “neither the HCN Constitution, nor the laws, statutes, codes, or ordinances of the Ho-Chunk Nation addressed the rights and responsibilities concomitant with the formation of a contract.” Id. at 13. Former Chief Trial Court Judge Mark Butterfield consulted the Ho-Chunk Nation Traditional Court as to whether Ho-Chunk “custom and tradition recognized agreements analogous to the modern day ‘contract.’ ”[2]
The Traditional Court held that “in the tradition and custom of the Ho-Chunk Nation, agreements between parties for the exchange of goods or services were recognized as binding.” Id. Therefore, the Court has subject matter jurisdiction over contract claims as they arise from custom and tradition. The HCN Supreme Court has upheld and adopted this precedent, using the contract in question as the operative law for the Trial Court to apply. See e.g., Marx Advertising Agency, Inc., v. Ho-Chunk Nation, SU 04-07 (HCN S.Ct., Apr. 29, 2005) (affirming the Trial Court’s interpretation of a contract between the Ho-Chunk Nation and its advertising agency, Marx Advertising Agency, Inc.).
The Court makes no ruling as to the merits of the plaintiffs breach of contract claim. However, the Court has subject matter jurisdiction to hear such a claim. The Court also finds that the plaintiff has alleged sufficient facts, that if viewed in a light most favorable to the nonmoving party, could constitute a breach of contract by the defendants.
THE COURT HEREBY DISMISSES THE PLAINTIFF’S COMMON LAW TORT CLAIMS: FRAUDULENT INDUCEMENT/RESCISSION, FRAUDULENT CONCEALMENT, AND CONVERSION/CIVIL THEFT
The “Court cannot begin to adjudge [a] claim in the absence of subject matter jurisdiction.” Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct., Feb. 11, 2000) at 10; aff'd Ho-Chunk Nation v. Harry Steindorf et al., SU 00-04 (HCN S.Ct., Sept. 29, 2000). The HCN Constitution grants the Trial Court “original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation.” Art. VII § 5(a). Although the Court sometimes looks to federal and state case law as persuasive authority, such case law is not binding. *315 The Court has no constitutional authority to base its subject matter jurisdiction on state statutory or common law. HCN v. Steindorf, CV 99-82 at 11-12 aff'd HCN v. Steindorf, SU 00-04 (HCN S.Ct, Sept. 29, 2000).
To date, the HCN Legislature has not passed any laws conferring jurisdiction on this Court over the tort claims of fraudulent inducement, fraudulent concealment, or conversion. The Traditional Court has never articulated such claims as arising from tradition and custom and therefore the Supreme Court and Trial Court have not adopted them as such.[3] The HCN Statute of Limitations and Commencement of Claims Act provides for statutes of limitations on tort actions. 2 HCC § 14.4.d. However, articulating a statute of limitations as an affirmative defense is not the same as conferring subject matter jurisdiction.
The plaintiff argues that the Court has subject matter jurisdiction over these torts because “there would be no other reason to have a statute of limitations in the statutes if tort claims weren’t permitted in this jurisdiction.” Mot. Hr’g (LPER at 9, Sept. 29, 2010, 10:17:07 CDT). The Court acknowledges that tort claims are permitted in this jurisdiction. However, in order for the Trial Court to have jurisdiction over a case, it must arise under the Constitution, laws, or traditions and customs of the Ho-Chunk Nation. Const., Aet. VII, § . 5(a). A case cannot arise from the HCN Statute of Limitations and Commencement of Claims Act. The purpose of this act is only to establish “the maximum time periods in which civil action must be commenced or be forever barred.” 2 HCC § 14.2. At present, there are very few torts for which the Court has subject matter jurisdiction over, but that does not mean that more will not become available in the future.
The plaintiff seeks rescission of the contracts in the context of its fraudulent inducement and fraudulent concealment claims. CompL at 8, 9. As the Court does not have subject matter jurisdiction over these claims, such relief cannot be granted. However, rescission of the contracts may be available in the context of the plaintiffs breach of contract claim, if such relief is appropriate under the terms of the contracts.
THE COURT HEREBY DISMISSES THE PLAINTIFF’S COMMONLAW IMPLIED AND QUASI-CONTRACT CLAIMS: MONEY HAD AND RECEIVED AND UNJUST ENRICHMENT
While the Traditional Court acknowledged contract claims as a cause of action under tradition and custom, it has not extended this pronouncement to include implied and quasi-contract causes of action. Ho-Chunk Nation v. B & K Builders, Inc. and Ruka & Associates, C V 00-91 (HCN Tr. Ct., June 20, 2001) at 19, 3 Am. *316 Tribal Law 381. Therefore, the Court must dismiss the plaintiffs money had and received and unjust enrichment[4] claims for lack of subject matter jurisdiction.
THE PLAINTIFF’S DECLARATORY JUDGMENT—BRIBERY CLAIM
The Court would not have jurisdiction over a cause of action for bribery arising from Wisconsin common law. However, the plaintiff states that it is not suing “MCA for common law bribery nor is it seeking damages against MCA for common law bribery.” PL ⅛ Mem. of Law in Opp’n to Defs. ’ Mot. to Dismiss for Lack of Jurisdiction or, in the Alternative, Failure to Establish a Right to Relief at 9. Rather, the plaintiff argues the alleged bribe is a justification for declaring the contract void. Id. Therefore, there is no common law bribery claim to be dismissed.
As the defendants acknowledge, the plaintiff cannot obtain relief on an argument that both of the contracts at issue in this case are void, for it would have “effectively pleaded itself out of this Court’s jurisdiction.” Defs. ’ Reply in Further Supp. of Their Mot. To Dismiss PL's Conipl. at 2. The contracts are the only laws the Court can apply in this case. If the Court were to declare both contracts void, it would be deciding it does not have any law to apply, and thus no relief could be granted. The Court’s lack of jurisdiction over the plaintiff’s claims seeking to declare both contracts void renders the defendants’ related statute of limitations arguments moot.
Both parties may properly argue that both contracts are void in the context of asserting a defense to a claim or counterclaim. Defenses are not subject to the Statute Of Limitations and Commencement of Claims Act, 2 HCC § 14. To be clear, the Court has the power to grant damages to the plaintiff for breach of contract as articulated in COUNT I of its Complaint, if a valid contract exists and a material breach by the defendants occurred. The same is true for the defendants’ counterclaim for breach of contract.
The Court finds that the plaintiff is not barred by the STATUTE OF LIMITATIONS from arguing that the LISA is invalid, or inapplicable, in the context of supporting its breach of contract claim regarding the FSA. The Statute of Limitations and Commencement of Claims Act “establishes the maximum time periods in which civil action must be commenced.” 2 HCC § 14.2. The defendants have not argued that the plaintiff’s breach of contract claim is barred. Arguments in favor of the plaintiffs breach of contract claim are not “civil actions” and should not be barred by the Statute of Limitations.
THE PLAINTIFF’S DECLARATORY JUDGMENT—VIOLATION OF HO-CHUNK NATION LAW CLAIM
At the September 29, 2010 hearing, the attorney for the plaintiff stated that the plaintiff is “not claiming that MCA violated the Code of Ethics ... but [is] claiming, [ ] that the court should declare those contracts void at issue, because they violate the Nation’s law.” Mot. Hr'g (LPER at 7, Sept. 29, 2010, 10:11:22 CDT). *317 Despite this statement, the plaintiff alleges in COUNT V of the Com,plaint that “MCA violated the Ho-Chunk Nation Code, including but not limited to, the Code of Ethics of the Ho-Chunk Nation.” Compl. at 10. In order to reconcile this inconsistency, the Court finds that the HCN Code of Ethics Act only applies “to all elected, appointed, contract, or exempt employees of the Ho-Chunk Nation.” 2 HCC § 1.4.b. The defendants are not employees of the Ho-Chunk Nation. Therefore, the HCN Code of Ethics Act is inapplicable to the defendants, and the Court cannot make a ruling as to whether or not their actions constituted a violation of that statute.
THE DEFENDANTS’ BREACH OF CONTRACT COUNTERCLAIM
The Court has jurisdiction over the defendants’ breach of contract counterclaim for the same reasons articulated above in regards to the plaintiffs breach of contract claim.[5]
THE COURT HEREBY DISMISSES THE DEFENDANTS’ SLANDER COUNTERCLAIM
The defendants’ slander counterclaim does not presently articulate how it arises under the Constitution, laws, or tradition and custom of the Ho-Chunk Nation, and therefore must be dismissed.
THE DEFENDANTS’ DECLARATORY JUDGMENT—SPECIFIC PERFORMANCE COUNTERCLAIM
The Court has subject matter jurisdiction to hear the defendants’ declaratory judgment, specific performance coun-terelaim in the context that it arises out of the alleged contracts, and thus arises under the traditions and customs of the Ho-Chunk Nation. As the plaintiff has not filed a Motion to Dismiss the defendants’ counterclaim, the Court only goes so far as to hold that it has jurisdiction to hear the counterclaim. The Court makes no ruling as to its merits or the appropriateness of the remedy requested.
THE COURT HEREBY DISMISSES THE DEFENDANTS’ CIVIL CONSPIRACY COUNTERCLAIM
The Court hereby dismisses the defendants’ civil conspiracy counterclaim for the same reasons articulated above in regards to dismissing the plaintiffs tort claims.
To the extent the parties wish to amend their pleadings, such amendments must be filed on or before May 6, 2011. Scheduling Order, CV 10-54 (HCN Tr. Ct., Aug. 26, 2010). The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[t]he time for taking an appeal shall begin from the date the judgment is filed with the [Trial Court] Clerk [of Court].” HCN R. Civ. P. 57. Since this decision represents a nonfinal judgment, “[a]n appeal from [this] interlocutory order maybe [sic ] sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to *318 an action.” Ho-Chunk Nation Rules of Appellate Procedure, Rule 8.[6]
IT IS SO ORDERED.

. There apparently is some confusion as to the Court's address for filing. Please send ail future filings to: Ho-Chunk Nation Trial Court, Attn: Clerk of Court, P.O. Box 70, Black River Falls, WI 54615.

. HCN R. Civ. P. 8(B) allows Trial Court judges to request assistance from the Traditional Court on matters relating to custom and tradition of the Nation, pursuant to the Ho-Chunk Nation Judiciary Establishment and Organization Act, 1 HCC § 1.12.

. In Ho-Chunk Nation v. Tammy Lang, the Trial Court found in favor of the plaintiff on defendant’s civil conversion of tribal monies. CV 98-46 (HCN Tr. Ct., Apr. 1, 1999) at 1, 2 Am. Tribal Law 233. The Trial Court apparently found the Wisconsin state common law of civil conversion as persuasive. Id. at 12, 2 Am. Tribal Law 233. However, the actual source of subject matter jurisdiction in this case came from a tribal employee's violations of HCN PERSONNEL POLICY AND PROCEDURES MANUAL. These violations ultimately led the Trial Court to find in favor of the plaintiff. Id. at 14, 15, 2 Am. Tribal Law 233. The Trial Court judge did not seek a ruling from the Traditional Court on whether or not the violations could have arisen under tradition and custom. Therefore, the tort of civil conversion has not been adopted as a basis for subject matter jurisdiction arising from tradition and custom.

. The Trial Court underwent an unjust enrichment analysis in David M. Ujke v. Ho-Chunk Nation, CV 96-63 (HCN Tr. Ct„ Aug. 17, 1998). This case was decided prior to the seminal Steindorf decision by the HCN Supreme Court.
It may be possible to reconcile Ujke with Steindorf as a constitutional takings clause case, but such reconciliation would be irrelevant to the plaintiffs unjust enrichment claim in the instant action.

. The plaintiff has neither filed a Motion to Dismiss the defendants' counterclaims, nor have the counterclaims been addressed in open court. However, parties "should fully expect the Court will independently assess whether it may exercise subject matter jurisdiction over a proceeding" to avoid acting outside of its constitutional authority. HCN v. B & K Builders, Inc. and Ruka & Associates, CV 00-91 (HCN Tr. Ct., June 20, 2001) at 18, 3 Am. Tribal Law 381.

. Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/govemment/judicial/cons_ law.htm.